BERTHA ILENE HEIL,                                                        Plaintiff,

v.

AUTO CLUB PROPERTY-CAUSALTY
INSURANCE COMPANY,                                           Defendant.

## MEMORANDUM OPINION

This matter comes before the Court upon the Motion to Remand of Plaintiff Bertha Ilene Heil. (Docket No. 5.)  Defendant Auto Club Property-Casualty Insurance Company ("Auto Club") has responded.  (Docket No. 6.)  The time for Plaintiff to reply to Defendant's response having passed and none having been filed, this matter is ripe for review.  For the reasons explained below, Heil's Motion, (Docket No. 5), will be DENIED.

### Factual Background

Heil's Complaint, originally filed in Russell Circuit Court, alleges that on March 21, 2012, Heil suffered various injuries due to a traffic collision with an underinsured motorist.  Heil contends that on that date, Auto Club insured the vehicle that she was driving.  She further alleged that her insurance policy with Auto Club constituted an agreement whereby Auto Club would provide uninsured and underinsured motorists coverage for her benefit.  Heil charges that because Auto Club was liable for all sums or losses in excess of a third party's liability limits, she is entitled to recover damages from it.  She sought an unspecified amount of compensatory damages and punitive damages of $100,000, in addition to attorney's fees and costs.  (Docket No. 1-1 at 5-6.)

On December 16, 2013, Auto Club filed its notice of removal.  (Docket No. 1.)  Auto Club argued that diversity jurisdiction under 28 U.S.C. § 1332 existed, as complete diversity existed between

the parties—Auto Club being domiciled and having its principal place of business in Iowa, and Heil being a Kentucky resident—and the amount in controversy exceeded $75,000.  (Docket No. 1 at 2-3.)

Heil filed her Motion to Remand on January 1, 2014, arguing that the requirements of § 1332 were not satisfied.  In the instant Motion, Heil contends that Auto Club is deemed to share Heil's Kentucky citizenship, precluding the parties' diversity.  (Docket No. 5 at 2.)  Heil further contends that the amount in controversy does not exceed $75,000.  (Docket No. 5 at 3.)  She moves for attorney fees based on this allegedly improper removal.  (Docket No. 5 at 3-4.)

**Analysis**

Pursuant to 28 U.S.C.C § 1447(c), the Court must remand a case [i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction . . . ."  A party seeking removal bears the burden of establishing federal subject matter jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

The federal removal statute, 28 U.S.C. §1441, affords defendants in civil suits the right to remove cases from state courts to federal district courts when the federal courts would have had original jurisdiction.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  For a defendant to remove a case to federal court based upon diversity jurisdiction, complete diversity of citizenship must exist at both the time the case is commenced and at the time the notice of removal is filed.  *Id.*

Heil relies upon 28 U.S.C. § 1332(c) in support of her conclusion that an insurer is deemed to have the same citizenship as its insured.  That statute provides:

> For the purposes of this section and section 1441 of this title—
>
> (1)      a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any *direct action* against the insurer of a policy or contract of liability

insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

(A)     every State and foreign state of which the insured is a citizen[.]

§ 1332(c)(1) (emphasis added).

Therefore, a court adjudicating a "direct action" suit against an insurance company should treat the insurance company as if it shared the citizenship of the insured. Heil is correct that if § 1332(c)(1) applied here, diversity jurisdiction would be destroyed, because both Auto Club and Heil would be considered Kentucky citizens. However, Heil fails to note that "direct action," as used in the statute, is a term of art. The typical direct action centers upon an injured party who sues the insurer of a tortfeasor without joining the tortfeasor to the case. It is known as a "direct action" because the plaintiff, who is not the insured, directly sues the party who will ultimately pay—that is, the insurer—without joining the insured as a party-defendant. *See, e.g.*, *Lee-Lipstreu v. Chubb Grp. Of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) ("Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.").

Here, Heil is not brining a direct action against the insurer of a non-party insured. Instead, Heil herself is the insured and is bringing a first-party claim against her own insurer. Because Heil is an insured suing her insurer, § 1332(c)(1) is inapplicable to this case and will not divest the Court of jurisdiction.

Heil next argues that Auto Club has failed to prove that the amount in controversy exceeds $75,000, exclusive of costs and fees. Although a defendant seeking removal bears the burden of proving by a preponderance of the evidence that the amount-in-controversy requirement is satisfied, this standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes v. Equitable Energy Res. Co.*,

266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). In determining whether a defendant has satisfied its burden, the Court must consider the damages alleged at the time of removal. *Id.* at 573. Furthermore, the Sixth Circuit has expressly instructed: "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Id.* at 572 (alteration in original) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

According to Heil, the Complaint offers little indication of the amount she seeks. She estimates that her underinsured coverage totals only $25,000. (Docket No. 5 at 3.) However, Heil's argument directly contradicts her Complaint, which seeks "damages in the amount of $100,000.00 for the failure of the Defendants to act in good faith in affecting a fair and reasonable settlement and for [its] breach of covenant to act in good faith ," plus an unspecified amount of compensatory damages. (Docket No. 1-1.) Because it is clear that the amount in controversy exceeds $75,000, her motion must be denied.

## CONCLUSION

For the foregoing reasons, Heil's Motion to Remand, (Docket No. 5), will be DENIED. The Court finding no basis to grant the Motion to Remand, it must also DENY Heil's request for attorney fees included in the same filing. An appropriate Order will issue concurrently with this Opinion.